13-1448
Weng v. Lynch

BIA
Segal, IJ
A077 262 774

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fifteen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

ZHIYONG WENG,
> *Petitioner*,

v.                                                    13-1448

                                                      NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,[1]
> *Respondent.*

_____

_____

[1]    Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is  automatically substituted for  former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:**       H. Raymond Fasano, New York, New York.

**FOR RESPONDENT:**       Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhiyong Weng, a native and citizen of the People's Republic of China, seeks review of a March 19, 2013, order of the BIA affirming the May 4, 2011, decision of Immigration Judge ("IJ") Alice Segal, denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhiyong Weng*, No. A077 262 774 (B.I.A. Mar. 19, 2013), *aff'g* No. A077 262 774 (Immig. Ct. N.Y. City May 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

On appeal, Weng has abandoned any challenge to the IJ's determination that he failed to demonstrate that his fear of persecution was objectively reasonable. *See Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). That finding was dispositive of asylum and withholding of removal, and we decline to consider Weng's challenge to the IJ's alternative basis for denying those forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

As to CAT relief, the IJ's decision was not in error. It is well-settled that a petitioner is not "entitled to CAT protection based *solely* on the fact that []he is part of the large class of persons who have illegally departed China." *Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005); *see also Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003). A generalized risk alone, such as that asserted by Weng, does not suffice to carry the burden of demonstrating a likelihood of torture if repatriated to China. *See Lin*, 432 F.3d at 160.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this

petition is DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk